UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL CURTIS,

    Petitioner,

v.　　　　　　　　　　　　　　　　　Case No. 3:22-cv-759-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____

## ORDER

### I. Status

Petitioner Michael Curtis, a former inmate of the Florida penal system, initiated this action on July 7, 2022,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). He is proceeding on an Amended Petition (Amended Petition; Doc. 4). In the Amended Petition, Curtis challenges a 2015 state court (Duval County, Florida) judgment of conviction for violation of probation stemming from a 2003 sexual battery of a child 12 years of age or older but less than 18 by a person in familial or custodial authority. He raises one ground for relief. See id. at 5–10.[2] Respondents have

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

submitted a memorandum in opposition to the Amended Petition, arguing that the action is untimely filed. See Motion to Dismiss Amended Petition for Writ of Habeas Corpus (Response; Doc. 9). They also submitted exhibits. See Docs. 9-1 through 9-3. Curtis filed a brief in reply, see Reply (Doc. 10), with exhibits, see Doc. 10-1. This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). For purposes of section 2244(d)(1)(A), the final judgment means both the conviction and sentence. Burton v. Stewart, 549 U.S. 147, 156 (2007). Therefore, if a resentencing occurs and a new judgment is entered, the new judgment and sentence restarts the AEDPA statute of limitations. See Magwood v. Patterson, 561 U.S. 320, 341–42 (2010) (holding that "where . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all.") (citations omitted); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1281 (11th Cir. 2014) (holding that "when a habeas petition is the first to challenge a new judgment [following a resentencing], it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction.").

3

### III. Analysis

Respondents contend that Curtis did not file this case within the one-year period of limitations set forth in § 2244(d). See generally Response. The following procedural history is relevant to the one-year limitations issue. On August 8, 2002, the State of Florida charged Curtis by information with three counts of sexual battery of a child less than 12 years of age by a person 18 years of age or older (counts one through three), one count of sexual battery of a child 12 years of age or older but less than 18 years of age by a person in familial or custodial authority (count four), and one count of lewd or lascivious battery of a child 12 years of age or older but less than 16 years of age (count five). Doc. 9-2 at 3–4.

On October 30, 2003, Curtis entered a negotiated plea of guilty to count four. Id. at 20–23. Pursuant to the plea agreement, the State nolle prossed counts one through three and count five, id. at 20, and the trial court sentenced Curtis to a fourteen-year term of imprisonment followed by a four-year term of sex offender probation, id. at 5–7, 20. On February 21, 2005, the First District Court of Appeal (First DCA) per curiam affirmed Curtis's conviction and sentence without a written opinion, id. at 178, and on March 21, 2005, it issued the mandate, Curtis v. Florida, No. 1D04-1457 (Fla. 1st DCA).

4

On April 21, 2015, having completed the incarcerative portion of his sentence and begun his probationary term, Curtis pled guilty to a violation of probation charge. Doc. 9-2 at 875. On June 16, 2015, the trial court revoked his probation and sentenced Curtis to a twenty-four-year term of imprisonment with credit for 132 days and all time previously served in prison. Id. at 878–84. The First DCA per curiam affirmed Curtis's violation of probation conviction and sentence without a written opinion on October 21, 2016, id. at 1021, and issued the mandate on November 16, 2016, id. at 1022.

As Curtis's violation of probation conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Fla. R. App. P. 9.030(a)(2), Curtis's violation of probation conviction and sentence became final when the time for filing a petition for certiorari review with the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Curtis to file a petition for writ of certiorari expired on Thursday, January 19, 2017 (ninety days after October 21, 2016). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam

5

decision). Accordingly, Curtis had until January 19, 2018, to file a federal habeas petition. He did not file his Petition until July 7, 2022. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Curtis immediately tolled the one-year limitations period on November 13, 2015, while the direct appeal of his violation of probation conviction was pending, when he filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 9-2 at 392–99. Curtis subsequently filed an amended Rule 3.850 motion and a second amended Rule 3.850 motion. Id. at 406–25, 442–63. The trial court denied all Rule 3.850 motions on May 30, 2018. Id. at 518–38. On August 8, 2019, the First DCA per curiam affirmed the denials without a written opinion, id. at 839–40, and on September 5, 2019, it issued the mandate, id. at 841.[3]

On July 23, 2019, while the appeal of his Rule 3.850 was pending, Curtis filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Doc. 9-3 at 24–31. On August 6, 2019, the trial court dismissed Curtis's Rule 3.800(a) motion. Id. at 34–36. The First DCA per

---

[3] On January 4, 2017, Curtis filed a state petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. Doc. 9-3 at 2–9. The First DCA denied the petition on the merits on February 22, 2017. Id. at 19. Filed and resolved during the Rule 3.850 proceedings, Curtis's state habeas petition has no effect on the Court's analysis.

curiam affirmed the circuit's court's dismissal on April 2, 2020, id. at 98–99, and it issued the mandate on April 30, 2020, id. at 100.

On June 1, 2020, Curtis filed a Notice to Invoke Discretionary Jurisdiction of the Florida Supreme Court (FSC) seeking review of the First DCA's affirmance. Id. at 121–22. On June 4, 2020, the FSC dismissed the Notice as untimely filed. Id. at 120. Subsequently, Curtis filed a Motion for Reinstatement and Belated Discretionary Review. See Curtis v. Florida, SC20-0907 (Fla.). On June 25, 2020, the FSC struck that motion for failure to comply with Florida Rule of Appellate Procedure 9.141 and directed Curtis to file a "proper Petition for Belated Discretionary Review." Doc. 9-3 at 105. On April 16, 2021, Curtis attempted to comply with the FSC's directives by filing a Petition for Belated Discretionary Review. Id. at 108–10. On May 26, 2021, the FSC dismissed that filing, citing Florida Rule of Appellate Procedure 9.141(c)(6)(C). Id. at 118. During this time, on October 8, 2020, Curtis initiated a separate case in the FSC by filing another Petition for Belated Discretionary Review. Id. at 128–29. The FSC denied it on November 24, 2020. Id. at 127.

Being untimely, the initial June 1, 2020 Notice was not properly filed for purposes of tolling Curtis's limitations period. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (defining "properly filed"). Pursuant to Florida Rule of Appellate Procedure 9.120(b), a motion to invoke discretionary review must be filed

7

within 30 days of rendition of the order to be reviewed. Applying this rule, the FSC dismissed the June 1, 2020 Notice as untimely filed. See Doc. 9-3 at 120. Therefore, Curtis's filing did not conform with the FSC's rules governing filings. The Court gives due deference to the FSC's application of state filing deadline rules. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) (finding a federal court should accord due deference to a state court's application of state filing deadlines in the context of § 2244(d)(2)). Because Curtis did not properly file his June 1, 2020 Notice, AEDPA's one-year limitations period did not toll during the time it was pending with the FSC.

Curtis's subsequent Petitions to Invoke Belated Discretionary Jurisdiction also did not toll the limitations period. See Doc. 9-3 at 108–10, 128–29; Curtis v. Florida, SC20-0907 (Fla.). Notably, the Eleventh Circuit has held that a petition for belated discretionary review by the FSC does not constitute an application for State collateral review within the meaning of § 2244(d)(2), because, under Florida law, it "'does not reach the merits of the anticipated appeal or the validity of the order to be appealed.'" Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015) (quoting Jones v. State, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006)). Therefore, Curtis's proceedings in the FSC after the First DCA affirmed the dismissal of Curtis's July 23, 2019 Rule 3.800(a) motion did not toll the one-year limitations period.

8

Also, during the pendency of his July 23, 2019 Rule 3.800(a) motion proceedings, on January 3, 2020, Curtis filed a successive Rule 3.850 motion.[4] Id. at 188–98. The trial court dismissed that Rule 3.850 motion as untimely on February 6, 2020. Id. at 204–07. After granting a belated appeal of the dismissal, on December 10, 2021, the First DCA affirmed the trial court's dismissal without a written opinion, id. at 294–95, and on March 7, 2022, it issued the mandate, id. at 296. Curtis attempted to invoke the discretionary jurisdiction of the FSC to review the First DCA's affirmance. Id. at 305–06. But, on March 2, 2022, the FSC dismissed the case for lack of jurisdiction. Id. at 303.

Curtis's successive Rule 3.850 proceedings did not toll the one-year limitations period because the motion was not properly filed. See Sweet v. Sec., Dep't of Corr., 467 F.3d 1311, 1322 (11th Cir. 2006) (second 3.850 motion that was dismissed as untimely was not "properly filed" and did not toll the AEDPA's one-year limitations period). Similarly, Curtis's additional attempt to invoke the discretionary jurisdiction of the FSC did not toll the one-year limitations period because it was not a properly filed motion as jurisdiction did not lie to review the silent affirmance of the First DCA. See

---

[4] Although Curtis titled the filing "Emergency Petition for Writ of Habeas Corpus, Under Rule 1.630, Florida Rule of Civil Procedure," the trial court construed it as a Rule 3.850 motion. Doc. 9-3 at 204.

9

Bismark v. Sec'y, Dep't of Corr., 171 F. App'x 278, 280 (11th Cir. 2006)[5] (per curiam) ("Though Bismark filed a notice with the Florida Supreme Court . . . seeking review of the denial of the [Rule 3.850] motion, the § 2244(d) limitations period was not tolled further because his petition with the Florida Supreme Court was not 'properly filed' since the order appealed from was per curiam."); see also Jenkins v. State, 385 So. 2d 1356, 1359 (Fla. 1980).

As neither the successive Rule 3.850 motion, not Curtis's attempts to invoke the discretionary jurisdiction of the FSC paused the running of the limitations period, Curtis's one-year limitations period remained tolled only until May 1, 2020, the day after the First DCA issued the mandate on the appeal from the dismissal of Curtis's July 23, 2019 Rule 3.800(a) motion. Doc. 9-3 at 100. With no other properly filed tolling motion, the one-year period ran for 365 days until it expired on May 3, 2021.[6] Curtis filed the instant Petition on July 7, 2022. Given the record, Curtis's Petition is untimely filed and due to be dismissed.

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[6] The limitations period expired on Saturday, May 1, 2021; therefore, Curtis had until Monday, May 3, 2021, to file a federal habeas petition. See Fed. R. Civ. P. 6(a)(1)(C).

Even though the Petition is untimely, Curtis argues that he is entitled to review because he is actually innocent as he was "convicted of an uncharged crime." Reply at 4. According to Curtis, the information to which he pled guilty was defective because it failed to identify the victim. See id. The Court is not persuaded. In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[7] and House,[8] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

---

[7] Schlup v. Delo, 513 U.S. 298 (1995).
[8] House v. Bell, 547 U.S. 518 (2006).

11

Id. at 386-87. "For purposes of the 'actual innocence' exception to a procedural bar, the petitioner must show 'factual innocence, not mere legal insufficiency.'" Justo v. Culliver, 317 F. App'x 878, 880-81 (11th Cir. 2008) (quoting Bousley v. United States, 523 U.S. 614 (1998)); see Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1012-13 (11th Cir. 2012) (per curiam); see also Johnson v. Alabama, 256 F.3d 1156, 1171-72 (11th Cir. 2001) (finding claim of insufficient evidence at trial, without any new evidence, did not establish actual innocence to overcome procedural bar). Thus, to make a showing of actual innocence, Curtis must demonstrate "that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327.

Curtis's argument is premised on an alleged legal insufficiency. As such, it cannot provide a basis for avoiding the procedural bar. See Jones v. Warden, 683 F. App'x 799, 801 (11th Cir. 2017) ("Jones's argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner."). Regardless, the claim is without merit. A defective information claim is cognizable on federal habeas review only when the charging document is so deficient that it deprives the convicting court of jurisdiction. DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982). A charging document is legally

sufficient "if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009) (citation and quotations omitted).

Here, in count four of the information, the State alleged:

> And for the fourth count of this information, your informant further charges that MICHAEL CURTIS on or between the 1st day of October, 2001 and the 31st day of May, 2002, in the County of Duval and the State of Florida, did, while in a position of familial or custodial authority, engage in an act which constitutes Sexual Battery with May, 2002, a person 12 years of age or older but less than 18 years of age, by placing his penis in or upon the vagina of [C.B.[9]] contrary to the provisions of Section 794.011(8)(b), Florida Statutes.

Doc. 9-2 at 3 (emphasis added). While count four of the information clearly contained a scrivener's error, it met the minimum requirements for invoking the jurisdiction of the trial court. The information included Curtis's name, the full name of the victim, and described the time and location of the offense. It stated the statutory basis for count four and set forth the elements of the relevant offense. The information was not so defective that it deprived the trial

---

[9] The information includes the victim's full name.

13

court of jurisdiction. See DeBenedictis 674 F.2d at 842. Likewise, the Court finds the circumstances here also do not justify equitable tolling. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Curtis seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Curtis "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

    Therefore, it is now **ORDERED:**

    1.    Respondents' request to dismiss (Doc. 9) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

    2.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

    3.    If Curtis appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of April, 2025.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/17
c:  Michael Curtis, #J25396
    Counsel of record